

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

---

## NO. PD-0284-25

---

### THE STATE OF TEXAS

v.

### BOBBY CARL LENNOX, Appellee

---

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW FROM THE SIXTH COURT OF APPEALS LAMAR COUNTY

---

NEWELL, J., filed a concurring opinion in which RICHARDSON and WALKER, JJ., joined.

The forgery statute is messed up. The Legislature screwed it up when it decided to add a value ladder to the statute in the way that it did.[1] Conceptually, it

---

[1] *See* Floor Amend. 4 to Tex. H.B. No. 351, 85th Leg., R.S. (May 24, 2017) (offered by Sen. Burton). The original bill was focused on fines and court costs and not the forgery statute or attaching a value ladder to it. *See* H.B. No. 351, 85th Leg., R.S. (Tex. 2017) (introduced by

leads to two provisions in the same statute that cannot co-exist.[2]  I believe the Court properly construes a bad statute as it was written.  I would also add that the way the statute was written leads to absurd results.  And with no real extra-textual sources to suggest any intent by the Legislature, the only thing this Court can say with any confidence is the Legislature wanted to apply a value ladder to the forgery statute.  Without any more clear guidance to resolve this irreconcilable textual ambiguity, I believe the rule of lenity requires this Court to call the "tie" in favor of the defendant.[3]  As the Court's analysis leads to the same result, I join the Court's opinion.

Filed: January 29, 2026

Publish

---

Canales); *see also* A Bill to be Entitled an Act, Canales, Tex. H. Comm. Rep., 85-762, 85 R.S. (2017).

[2] *Compare* Tex. Penal Code § 32.21(e-1), *with* § 32.21(d).

[3] *See Wooden v. United States*, 595 U.S. 360, 388-392 (2022) (Gorsuch, J., concurring) (discussing in depth the history and development of the rule of lenity); *Rule of Lenity*, *Black's Law Dictionary* (11th ed. 2019) ("The judicial doctrine holding that a court, in construing an ambiguous criminal statute that sets out multiple or inconsistent punishments, should resolve the ambiguity in favor of the more lenient punishment."); *see also Diruzzo v. State*, 581 S.W.3d 788, 802 n. 22 (Tex. Crim. App. 2019)(noting that the rule of lenity applies when the proper construction of a statute is in insoluble doubt).